[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiffs applying for a reassessment of damages for the taking by the defendant of a portion of the plaintiffs' property for highway purposes, the plaintiffs claiming that the damages assessed are inadequate.
The state has taken from plaintiffs by condemnation 7.23 acres of land, more or less. It has assessed damages in the sum of $479,000, which has already been paid. The date of taking is June 1, 1990.
The plaintiffs were the owners of the property in question which consisted of about 15.43 acres of unimproved land. As a result of this acquisition, the subject premises will be bisected by Frontage Road, which runs to some degree alongside Route 91; also, as a result thereof Rights of Access along various portions of Center Street and Frontage Road will be denied; and as a further result the plaintiffs will retain two non-contiguous remainder parcels — one containing 3.67 acres and the other 4.53 acres. There is adequate access to the two remaining pieces. These two pieces, because of their size and shape, are now rendered more difficult to develop. In fact, a portion will be undevelopable. It also appears that a variance may be necessary, although the Windsor Town Planner testified that he would recommend that a special use be granted.
Three appraisers presented to us have expressed varying opinions as to the damages. However, based upon the testimony presented, the claims of the parties and our own general knowledge affecting value, selecting what we consider to be the most appropriate method of evaluation, we make the following finding:
The plaintiffs are entitled to a finding of damages in the sum of $653,000.
Judgment may enter for the plaintiffs for the further sum of $174,000 in addition to the $479,000 already paid, together with interest on said further sum of $174,000 at the rate of 10% from the date of taking to the date of payment, together with costs and an allowance of $1,200 as an appraiser's fee. CT Page 10277
JOHN M. ALEXANDER, Trial Referee SIMON S. COHEN, Trial Referee HAROLD M. MISSAL, Trial Referee CT Page 10278